[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The first issue to be decided in this matter is raised by the defendants about individual liability as against Frank Viele hereinafter ("Viele"). There was no evidence produced to pierce the corporate veil in this case. Viele signed the contract the subject matter in this case as an officer of Hamden Plumbing Heating, Inc., hereinafter ("Hamden Plumbing"). Counsels argument CT Page 7289 to hold Viele liable under the ruling of Scribner v. O'Brien,Inc., 169 Conn. 389 is inapplicable in this case because the factual foundation under Scribner differs from this. All actions in this case were done in Viele's corporate capacity. In Scribner
the individual defendant was found by the court to have committed the tort as an individual. In this case the court finds that Viele at hall times was acting in behalf of the defendant corporation and in his corporate capacity.
The plaintiff, Diane Graham is the daughter/tenant of the plaintiff, owner, Marian Graham of the single family dwelling where the contract was performed.
On May 18, 1991 Hamden Plumbing proposed the installation for a bathroom at the lower level at 96 Brook Lane, North Branford. The proposal was accepted by Diane Graham on May 25, 1991. (Exh. A). A note in the contract left the bathroom layout to Hamden Plumbing's discretion. Three months after the installation Diane Graham testified she had problems with the toilet and the bottom of the shower which was leaking. She testified that Hamden Plumbing recaulked around the shower, but the leaking did not stop. Diane Graham further testified she didn't use the shower after 1991 and, used the upstairs facility. Diane moved out of the lower level apartment 1-1/2 years later. Diane Graham purchased the shower stall equipment at Home Depot and also the toilet. Although she had difficulty with the ejection pump installed by Hamden Plumbing she did not recall any instructions which came with the pump which was purchased and installed by Hamden Plumbing. Another note to the contract provided that "owner is responsible for supplying all fixtures, plumbing and electrical and plumber is responsible for the installation". The contract price of $4980. was paid in full by Diane Graham by June 7, 1991. Diane was charged an additional $500.00 (See Exh. F) on the grounds that it took longer than expected to complete. Diane testified that she made several calls about the pump not functioning because the toilet would not work. Hamden Plumbing only advised her to jiggle the pump and be careful as to what is put down the toilet. Notwithstanding the many complaints to Hamden Plumbing, Viele, never reinspected the job. Only one employee returned to the premises. Viele claimed at trial that only charging $500 extra was a gift considering all the time he spent on the job to jackhammer the cellar floor to place the piping in. The number of telephone calls about the problems about the job is in dispute. However, after the one year guarantee on the pump had expired, another plumber was called who replaced the CT Page 7290 pump at a cost of $556.50 (Exh. E).
The plaintiffs produced an expert Harvey DeRosa hereinafter ("DeRosa") who visited the premises on June 4, 1996.
On his inspection he saw what was a family room which included a full bathroom as constructed by Hamden Plumbing. The bathroom is a separate room. Hamden Plumbing added two walls to separate the room and a door into the bathroom which contains a toilet enclosed shower and vanity. DeRosa testified that nothing was wrong with the materials of the room but the installation was defective. DeRosa observed that the method of installation allowed water to leak throughout the walls of the shower and around the stall resulting in leakage on the floor. DeRosa further testified the shower stall had to be reassembled, the deteriorated sheetrock replaced and waterproofed. The door had to be replaced and the floor where water had leaked would have to be replaced (See Exh. AA). DeRosa reported at page 6 of his opinion (Exh. AA) that although the materials were of minimum quality supplied by the homeowner, "based upon reasonable expectations of acceptable construction standards, it was unacceptable the way the shower stall was glued to its substrate indicating a lack of technical understanding by the installer. The same is true of the shower enclosure which smacks of the same misunderstanding in the way the product was installed and waterproofed". The expert DeRosa opined that this job required 3 permits: a General Contractors, a plumbing contractor and an electrical permit.
Permit regulation is for the town to be assured that the contractors are performing acceptable work and also compliance with zoning regulations.
DeRosa testified that the costs of repair is $3726.85. The plaintiffs seek further the sum of $556.50 for the replacement of the pump. The defendant offered evidence that the pump was under warranty and that the cost of a new pump was unwarranted. The complaint about the pump was more than the one year warranty after installation and beyond the period. The court finds that the plaintiff failed to mitigate damages by not reporting any claims under the warranty which was given to Diane Graham when the pump was installed.
The plaintiffs assert in the First Count that the defendant Hamden Plumbing breached its contract by its failure to perform the contract in accordance with the plans and specification. CT Page 7291 Under the terms of the contract: "all work was to be completed in a workmanlike manner according to standard practices. The court rejects the defense that the work was done in accordance with the instructions contained with the materials supplied by the plaintiff, Diane Graham. The court further finds in accordance with the evidence that the defendant did not and could not explain the leakage of water in such a short period of time after completion. Viele never determined the problem nor did he take time to address the complaints of the plaintiffs. His testimony that he was doing the job inexpensively for Diane Graham because of some request by someone in behalf of Diane Graham is no defense to this action. He made an additional charge and claims that also was a gift. The court finds in favor of the plaintiff Diane Graham to recover under the first count the sum of $3726.25 from Hamden Plumbing. The new pump was paid for by Marian Graham which this court finds was outside any contractural relationship with Hamden Plumbing. Further, Marian Graham failed to prove any consequential damages for the work done by Hamden Plumbing.
The court has already discussed a claim for individual liability under the Fifth Count and finds in favor of the defendant Frank Viele as to this count.
The court need not address the Second Count and Third Count having made its finding as to the First Count.
As to the Fourth Count, the court rejects the argument of the defense that the work performed by Hamden Plumbing is exempt. Hamden Plumbing admitted it did not have a Home Improvement license. The work being performed under the contract is a home improvement and not merely a plumbing repair. The claim that Hamden Plumbing was persuaded not to apply for a permit does not excuse the defendant from being a licensed Home Improvement contractor doing this contract. The defendant has violated Connecticut General Statutes § 20-427 (b)(5) which is a per se violation.
The court has considered all the circumstances for the violation of the Home Improvement Act in this case and finds that the plaintiffs have sustained their burden of proof under this count. The court however has determined that the penalty in this case should be nominal and awards one dollar as to a penalty. The court further reserves jurisdiction for the plaintiff to submit an affidavit as to attorneys fees within one week from date hereof and a hearing thereon. CT Page 7292
Frank S. Meadow Judge Trial Referee